**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MERVIN G. RHODES and UNSPECIFIED
AMOUNT OF UNIDENTIFIED AFRICAN
AMERICANS & MINORITIES,

               Plaintiffs,

vs.                                      Case No. 3:18-cv-1466-J-34JRK

BELK DEPARTMENT STORES, INC.,
JAMES LESHYN, YVONNE JEFFORDS,
and JAMES LACEY,

               Defendants.
_____/

**REPORT AND RECOMMENDATION**[1]

**I. Status**

This cause is before the Court on the Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (Doc. No. 2), filed December 11, 2018, that the Court construes as a Motion to Proceed In Forma Pauperis ("Motion"). Upon review of the file, the undersigned recommends that the case be dismissed for failure to state a claim upon which relief may be granted.

---

[1] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." Id. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

Plaintiff Mervin G. Rhodes ("Plaintiff")[2] initiated this action pro se on December 11, 2018 by filing a Complaint for Violation of Civil Rights (Prisoner Complaint) (Doc. No. 1; "Complaint"). On December 17, 2018, the undersigned entered an Order (Doc. No. 4; "Order"), taking the Motion under advisement. Observing that the Complaint appeared subject to dismissal for failure to state a claim upon which relief may be granted, the undersigned directed Plaintiff to file an Amended Complaint by January 18, 2019; alternatively, Plaintiff was directed to pay the filing fee by January 18, 2019. See Order at 1, 6. On January 22, 2019, Plaintiff filed an Amended Complaint. See Amended for Violation of Civil Rights (Prisoner Complaint) (Doc. No. 7; "Amended Complaint"). Plaintiff, however, has failed to cure the deficiencies initially identified in the Order. See Order at 4.

## II. Legal Standard

A court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security. 28 U.S.C. § 1915. The Court's decision to grant in forma pauperis status is discretionary. See Pace v. Evans, 709 F.2d 1428, 1429 (11th Cir. 1983); Lane v. Fort Walton Beach Hous. Auth., 518 F. App'x 904, 915 n.11 (11th Cir. 2013) (citation omitted). While a litigant need not show he is "absolutely destitute" to qualify for pauper status under § 1915, a litigant does need to show an inability "to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004); see also Lane, 518 F. App'x at 915 (citation omitted).

---

[2] In the Amended Complaint, Plaintiff also names "[a]n Unspecified Amount of Unidentified African Americans & Minorities, et al." as Plaintiffs in this action. Amended Complaint at 1. Although Plaintiff may litigate his own case, 28 U.S.C. § 1654, this right "does not extend to the representation of the interests of others," Timson v. Sampson, 518 F.3d 870, 873 (11th Cir. 2008). Thus, Plaintiff Rhodes is the only appropriate plaintiff in this action.

A court receiving an application to proceed in forma pauperis must dismiss the case sua sponte if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "In addition, a district court may sua sponte consider subject matter jurisdiction at any stage in the litigation and must dismiss a complaint if it concludes that subject matter jurisdiction is lacking." Jackson v. Farmers Ins. Group/Fire Ins. Exch., 391 F. App'x 854, 856 (11th Cir. 2010) (unpublished) (citations omitted).

With respect to frivolity, the United States Supreme Court has observed that "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint filed in forma pauperis that fails to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure ("Rule(s)"), is not automatically frivolous. Id. at 328. Instead, a court will dismiss a claim based on frivolity pursuant to § 1915 when the claim lacks arguable merit in either law or fact. Id. at 325; Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1315 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)). Accordingly, § 1915 requires dismissal when: (1) the legal theories advanced are "indisputably meritless," Nietzke, 490 U.S. at 327; (2) the claims rely on factual allegations that are "clearly baseless," Denton v. Hernandez, 504 U.S. 25, 32 (1992); or (3) when it appears that the plaintiff has little or no chance of success, Bilal, 251 F.3d at 1349 (citation omitted).

With respect to whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Rule 12(b)(6), so courts apply the same

standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba, 517 F.3d at 1252 (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. Id. (quotation and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683-84 (11th Cir. 2001) (internal quotation and citation omitted).

"[P]ro se pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally." Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008) (citing Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)). Nevertheless, a court is under no duty to "re-write" a plaintiff's complaint to find a claim. Peterson v. Atlanta Hous. Auth., 998 F.2d 904, 912 (11th Cir. 1993).

### III. Discussion

Here, although it appears Plaintiff may be financially unable to pay the filing fee, see Motion at 1-5, a review of the Amended Complaint reveals that the case is due to be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff brings this action under 42 U.S.C. § 1983 against Belk Department Stores, Inc. ("Belk") and three loss prevention associates employed by Belk. Amended Complaint at 2-3. He alleges Defendants violated his Fourteenth Amendment right to "due process and

equal protection under the law to be free from 'racial profiling' and 'discrimination'" and his Eighth Amendment right to be free from "excessive force." Id. at 3 (emphasis and capitalization omitted). Plaintiff alleges that he was wrongfully targeted, assaulted, and detained as a suspected shoplifter by the loss prevention associates at Belk. See id. at 5-8. Plaintiff claims that Defendants acted under the color of state law as "security officers" or "retail merchants" pursuant to Fla. Stat. §§ 812.015 and 493.6101 that allow them to "monitor or detain." Id. at 4, 8 (emphasis omitted); see Fla. Stat. §§ 812.015(m)(3)(a),[3] 493.6101(a)(19).[4] Plaintiff also alleges that Defendants' conduct "shows a pattern of 'racial profiling,' 'selecting,' 'singling out' or 'targeting'" of African Americans and other minorities. Amended Complaint at 7 (emphasis omitted). Plaintiff seeks about $310 million in damages. See id. at 5.

---

[3]   Fla. Stat. § 812.015(m)(3)(a) provides the following:

A law enforcement officer, a merchant, a farmer, or a transit agency's employee or agent, who has probable cause to believe that a retail theft, farm theft, a transit fare evasion, or trespass, or unlawful use or attempted use of any antishoplifting or inventory control device countermeasure, has been committed by a person and, in the case of retail or farm theft, that the property can be recovered by taking the offender into custody may, for the purpose of attempting to effect such recovery or for prosecution, take the offender into custody and detain the offender in a reasonable manner for a reasonable length of time. In the case of a farmer, taking into custody shall be effectuated only on property owned or leased by the farmer. In the event the merchant, merchant's employee, farmer, or a transit agency's employee or agent takes the person into custody, a law enforcement officer shall be called to the scene immediately after the person has been taken into custody.

[4]   Fla. Stat. § 493.6101(a)(19) defines the term "security officer" as follows:

[A]ny individual who, for consideration, advertises as providing or performs bodyguard services or otherwise guards persons or property; attempts to prevent theft or unlawful taking of goods, wares, and merchandise; or attempts to prevent the misappropriation or concealment of goods, wares or merchandise, money, bonds, stocks, choses in action, notes, or other documents, papers, and articles of value or procurement of the return thereof. The term also includes armored car personnel and those personnel engaged in the transportation of prisoners.

-5-

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. See Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015). Section 1983 is not a source of substantive federal rights. Whiting v. Traylor, 85 F.3d 581, 583 (11th Cir. 1998) (citing Albright v. Oliver, 510 U.S. 266, 271 (1994)). Instead, to state a valid claim under § 1983, the plaintiff must point to a violation of a specific federal right.

The Eleventh Circuit has identified three tests for determining whether a private person or entity should be considered a state actor: "(1) the public function test; (2) the state compulsion test; and (3) the nexus/joint action test." Nat'l Broad. Co. v. Comm'ns Workers of Am., 860 F.2d 1022, 1026 (11th Cir. 1988). The undersigned addresses each in turn.

**A. Public Function**

"The public function test is narrow, covering private actors who perform functions that are traditionally the exclusive prerogative of the state." Langston By & Through Langston v. ACT, 890 F.2d 380, 384 (11th Cir. 1989). Moreover, "[f]ew activities are 'exclusively reserved to the states.'" Harvey v. Harvey, 949 F.2d 1127, 1131 (11th Cir. 1992) (quoting Flagg Bros. v. Brooks, 436 U.S. 149, 158-59 (1978)).

Here, Defendants did not act under the color of state law under the public function test because "[a] merchant's detention of persons suspected of stealing store property simply is not an action exclusively associated with the state." White v. Scrivner Corp., 594 F.2d 140, 142, 142-44 (5th Cir. 1979) (finding store assistant manager's detention of plaintiffs did not

constitute state action);[5] see also Weaver v. James Bonding Co., 442 F. Supp. 2d 1219, 1224, 1223-29 (S.D. Ala. 2006) (finding bail bondsmen's alleged use of excessive force in arresting plaintiff did not constitute state action and recognizing that "[t]he authority to arrest . . . historically has not been exclusively reserved to the states"); Hughes v. Meadows, No. 1:17-cv-28-KS-TFM, 2017 WL 3083257, at *3 (M.D. Ala. July 19, 2017) (unpublished) (noting that "[e]ven searches, arrests, and detentions are not exclusively the prerogative of the state" (citing White, 594 F.2d at 142-43)).

**B. State Compulsion**

The state compulsion test "asks whether the state has exercised coercive power or has provided such significant encouragement, either overt or covert, that the private actor's choice must be deemed to be that of the state." Langston, 890 F.2d at 385 (citation omitted).

Here, the Amended Complaint does not suggest that the state coerced or significantly encouraged Defendants' alleged discriminatory conduct, and therefore they are not state actors under the state compulsion test. To the extent Plaintiff cites Florida statutes to allege that Defendants are state actors, "[a]bsent some compulsion or some overt state involvement, no state action can be found because of the mere existence of the statute[s]." White, 594 F.2d at 143 (citation omitted). Moreover, the statutes cited by Plaintiff merely authorize merchants to detain individuals suspected of retail theft; they do not compel them to do so. See id. (observing that state statute "does not compel merchants to detain shoplifters, but merely permits them to do so under certain circumstances"); Weaver, 442 F. Supp. 2d at 1224 (finding no evidence that state "coerced or encouraged bail bondsmen

---

[5] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.

to use excessive force in carrying out arrests, or even that [state] has coerced or encouraged bail bondsmen to carry out arrests in any manner," observing that the statute merely "authorizes bail bondsmen to arrest fugitives under certain circumstances").

**C. Nexus/Joint Action**

Under the nexus/joint action test, a court must determine whether the state has "intertwined itself with the private actor to such an extent that the state was a joint participant." Langston, 890 F.2d at 385 (citation omitted). Such a finding requires that the governmental body and the private party be intertwined in a "symbiotic relationship." Jackson v. Metro Edison Co., 419 U.S. 345, 357 (1974). "[T]he symbiotic relationship must involve the 'specific conduct of which the plaintiff complains.'" Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1348 (11th Cir. 2001) (quoting Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 51 (1999)) (explaining that "[w]hile the State of Georgia does regulate foster parenting to an extent, and, thus, arguably has a symbiotic relationship with the [defendants], this relationship certainly does not encourage or sanction child abuse in any way").

Here, Plaintiff has not shown that Defendants and the state were intertwined in a symbiotic relationship as to the acts alleged in the Amended Complaint. There is no allegation that Defendants coordinated with state police in detaining Plaintiff. Plaintiff does not assert that there were any law enforcement officers accompanying the loss prevention associates at the time the alleged constitutional violations occurred. Further, any symbiotic relationship between Defendants and the state must involve the alleged use of excessive force in Plaintiff's detention. See Rayburn, 241 F.3d at 1348. Plaintiff makes no such allegation in the Amended Complaint. Accordingly, the assertions in the Amended Complaint indicate that Defendants acted independently of the state.

### IV. Conclusion

Overall, construing pro se Plaintiff's claims and allegations liberally, the undersigned finds Plaintiff's claims are due to be dismissed for failure to state a claim upon which relief may be granted. Accordingly, it is

**RECOMMENDED THAT**:

1. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (Doc. No. 2), construed as a Motion to Proceed In Forma Pauperis, be **DENIED**.

2. This case be **DISMISSED without prejudice**.

3. The Clerk be directed to terminate any pending motions and to close the file.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on February 27, 2019.

*[signature]*
JAMES R. KLINDT
United States Magistrate Judge

bhc
Copies to:

Honorable Marcia Morales Howard
United States District Judge

Pro Se Party